**UNITED STATES of America,**
**Appellee,**

v.

**Christopher NASH, Defendant–**
**Appellant.**

No. 06–1497–cr.

United States Court of Appeals,
Second Circuit.

Nov. 2, 2006.

Michael J. Garcia, United States Attorney, Southern District of New York (Eugene Ingoglia, Katherine Polk Failla, Assistant United States Attorneys, of counsel), New York, NY, for Appellee.

Theodore S. Green, Green & Willstatter, White Plains, NY, for Defendant–Appellant.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, Circuit Judges, Hon. TIMOTHY C. STANCEU, Judge.*

### SUMMARY ORDER

Defendant–Appellant Christopher Nash appeals from a judgment entered March 27, 2006 in the Southern District of New York (Colleen McMahon, *Judge* ), following a guilty plea, convicting him of possession of more than 50 grams of cocaine base, with intent to distribute, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). The District Court imposed a sentence of 140 months, at the bottom of the applicable range under the advisory Guidelines. Nash urged the District Court instead to impose a non-Guidelines sentence of 120 months, the statutory mandatory minimum for his offense. On appeal, Nash challenges the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the facts, procedural history, and issues on appeal. For the reasons that follow, we affirm.

■ Nash first argues that the District Court failed to give proper consideration to the 18 U.S.C. § 3553(a) sentencing factors, and specifically to his personal attributes and to disparities between his sentence and the sentences received by defendants convicted of possessing *less* than 50 grams of cocaine base. Although we have required district courts to "consider" the § 3553(a) factors, *see United*

*States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005), "[w]e have [ ] steadfastly refused to require judges to explain or enumerate how such consideration was conducted." *United States v. Pereira,* 465 F.3d 515, 523 (2d Cir.2006). Rather, we "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006). We see no indication in this record that the District Court failed to consider the relevant factors; indeed the record shows that the District Court expressly took into account both the need to avoid unwarranted disparities and Nash's personal attributes, including his youth, his family, his substance abuse problems and his long criminal history.

■ Secondly, Nash argues that his sentence is substantively unreasonable. We have "decline[d] to establish any presumption, rebuttable or otherwise, that a Guidelines sentence is reasonable." *Fernandez,* 443 F.3d at 27. However, "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Id.* Upon a consideration of the entire record, we conclude that Nash's sentence was well within the broad range of reasonable sentences that the District Court could have imposed in the circumstances presented.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

---

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade,    sitting by designation.