**UNITED STATES of America,**
**Appellee,**

v.

**Carlos FERNANDEZ–MARTINEZ,**
**Defendant–Appellant.**

**No. 06–0935–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 13, 2006.

---

David A. Lewis, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

Lauren M. Ouziel, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Katherine Polk Failla, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, Circuit Judges, Hon. JOHN G. KOELTL,* Judge.

## SUMMARY ORDER

Defendant–Appellant Carlos Fernandez–Martinez appeals from a judgment imposed on February 16, 2006 by the District Court for the Southern District of New York (Kimba M. Wood, *Chief Judge* ), sentencing him principally to 66 months' imprisonment upon his plea of guilty to one count of illegally re-entering the United States as a convicted felon, in violation of 8 U.S.C. § 1326(a), (b)(2). We assume the parties' familiarity with the balance of

---

* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

facts, procedural history, and specification of issues on appeal.

Fernandez–Martinez first urges that, as a matter of law, 18 U.S.C. § 3553(a)(6) requires district courts to consider lesser sentences imposed in other judicial districts under their so-called "fast-track" programs. Our decision in *United States v. Mejia*, 461 F.3d 158 (2d Cir.2006), forecloses this contention. *See also United States v. Pereira*, 465 F.3d 515, 523 (2d Cir.2006).

Fernandez–Martinez next claims that, as a matter of law, § 3553(a)'s parsimony provision requires district courts to consider fast-track sentences imposed in other jurisdictions. *Mejia* and *Pereira* foreclose this argument as well. As an initial matter, Fernandez–Martinez's argument rests on a "false equivalence between (on the one hand) defendants in fast-track jurisdictions who receive a benefit in exchange for the acceptance of certain detriments, and (on the other hand), a defendant in [Fernandez–Martinez's] position, who claims the benefit without suffering the detriment." *Mejia*, 461 F.3d at 162. Fernandez–Martinez is not similarly situated to defendants in fast-track jurisdictions, who waive the right to make pre-trial motions, appeal, and petition for a writ of habeas corpus in exchange for a lesser sentence, and no "sentencing principle requires the sentencing court to mimic [that] transaction or compensate for its unavailability." *Id.* at 162–63; *see also id.* at 161.

Nor can we say that the District Court misapprehended its legal authority pursuant to the parsimony provision. The Court held open the possibility that it could consider fast-track sentences, but simply declined to do so. We express no view on whether district courts *may* consider fast-track sentences for the specific purpose of discharging their duty under the parsimony provision, because it is not necessary to resolve this case. It is enough to for us to conclude that the District Court properly understood, and acted within, its authority when it declined to base Fernandez–Martinez's sentence on sentences given to fast-track defendants. *See Mejia*, 461 F.3d at 164 (holding that district courts may decline to "compensate for the absence of a fast-track program").

■ Further, even assuming arguendo that the District Court's failure to consider fast-track sentences was error, it "did not render [Fernandez–Martinez's] sentence unreasonable." *Pereira*, 465 F.3d at 523; *cf. United States v. Foreman*, 436 F.3d 638, 644 & n. 1 (6th Cir.2006) (holding that "[r]easonableness is the *appellate* standard of review in judging whether a district court has" adhered to the parsimony provision (emphasis in original)). The District Court imposed a procedurally and substantively reasonable sentence based on the particular circumstances of Fernandez–Martinez's case. Fernandez–Martinez does not challenge the calculation of his Guidelines range, which included a two-level downward departure. In addition to considering the Guidelines range, the District Court considered Fernandez–Martinez's significant criminal history, his personal characteristics, the seriousness of his offense, the need for deterrence, and the public safety. The District Court ultimately sentenced him to a prison term toward the low end of his Guidelines range. We conclude that the sentence is procedurally and substantively reasonable, and thus accords with § 3553(a).

For the reasons set forth above, the judgment of the District Court is AFFIRMED.