UNITED STATES, Appellee,

v.

Gregorio MOLINA, also known as Jose Silver, also known as Sylvester Ruiz, also known as Jose Ruiz, also known as Julio Vargas, Defendant–Appellant.

No. 05–5997–CR.

United States Court of Appeals, Second Circuit.

Jan. 24, 2007.

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant Gregorio Molina.

Jeffrey A. Brown, Assistant United State Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Karl Metzner, Assistant United States Attorney, of counsel), New York, NY, for Appellee United States.

Present: PIERRE N. LEVAL, CHESTER J. STRAUB, Circuit Judges,

and STEFAN R. UNDERHILL,* District Judge.

## SUMMARY ORDER

Defendant–Appellant Gregorio Molina appeals from a November 7, 2005 judgment of the United States District Court for the Southern District of New York (Richard Conway Casey, *Judge* ) sentencing him principally to 46 months' imprisonment upon a plea of guilty to one count of illegally reentering the United States, in violation of 8 U.S.C. § 1326(a). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We find no error in the District Court's failure to expressly refute Molina's argument that the existence of fast-track programs in other judicial districts creates an unwarranted disparity within the meaning of 18 U.S.C. § 3553(a)(6). *See United States v. Pereira,* 465 F.3d 515, 523 (2d Cir.2006) (holding that while "a district court must 'consider' the factors listed in § 3553(a) ... [w]e have ... steadfastly refused to require judges to explain or enumerate how such consideration was conducted"); *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) (holding that we presume a district judge has considered the § 3553(a) factors, and do not require him to "discuss each one individually or ... expressly parse or address every argument relating to those factors that the defendant advanced").

Further, Molina's contention is meritless. We recently held that the existence of fast-track programs in other judicial districts does not create an unwarranted disparity within the meaning of § 3553(a)(6), and therefore that a district court's refusal to adjust a sentence to account for such programs does not render the sentence unreasonable. *United States v. Mejia,* 461 F.3d 158 (2d Cir.2006); *see also Pereira,* 465 F.3d at 522–23.

For those reasons, we AFFIRM the November 7, 2005 judgment of the District Court.

---

* The Hon. Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.