**UNITED STATES of America,**
**Appellee,**

v.

**Esteban DURAN, Defendant–Appellant.**

**No. 05–6615–cr.**

United States Court of Appeals,
Second Circuit.

March 16, 2007.

## SUMMARY ORDER

Defendant–Appellant Esteban Duran appeals from a judgment docketed on December 2, 2005 in the District Court for the Southern District of New York (Victor Marrero, *Judge*), sentencing him principally to 77 months' imprisonment upon his plea of guilty to one count of illegally re-entering the United States after his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). We assume the parties' familiarity with the balance of facts, procedural history, and specification of issues on appeal.

Duran contends that the parsimony provision of 18 U.S.C. § 3553(a) required the District Court, while selecting a sentence "sufficient" to satisfy § 3553(a)(2), to consider lesser sentences imposed pursuant to the "fast-track" programs that exist in other judicial districts. However, unlike fast-

---

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

track defendants, Duran has not bargained for a lesser sentence by waiving his rights to make pre-trial motions, appeal, and petition for a writ of habeas corpus. No "sentencing principle requires the sentencing court to mimic [that] transaction or compensate for its unavailability." *United States v. Mejia*, 461 F.3d 158, 163 (2d Cir.2006); *see also id.* at 162 (noting the "false equivalence between (on the one hand) defendants in fast-track jurisdictions who receive a benefit in exchange for the acceptance of certain detriments, and (on the other hand) a defendant in [Duran's] position, who claims the benefit without suffering the detriment"); *United States v. Pereira*, 465 F.3d 515, 523 (2d Cir.2006).

Duran next maintains that § 3553(a)(6)—which requires district courts to consider the need to avoid unwarranted sentencing disparities—mandated that the District Court consider the sentences given to fast-track defendants. Our decision in *Mejia* forecloses this contention as well.

For the reasons set forth above, the judgment of the District Court is AFFIRMED.