**UNITED STATES of America,**
**Appellee,**

v.

**Ramon LOPEZ–TORRES, also known**
**as Alex Leal, also known as Juan**
**Lopez, Defendant–Appellant.**

No. 05–7030.

United States Court of Appeals,
Second Circuit.

June 27, 2007.

Darrell B. Fields, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Lauren M. Ouziel, Assistant United States Attorney (United States Attorney Michael J. Garcia, and Assistant United States Attorney Celeste L. Koeleveld, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Ramon Lopez–Torres appeals from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge)* convicting him, after a plea of guilty, of one count of illegal re-entry into the United States subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). *See United States v. Lopez–Torres,* No. 05 Cr. 774 (S.D.N.Y. Aug. 22, 2005). The Probation Office's Presentence Report concluded that defendant's applicable Guidelines range was 46 to 57 months. The district court sentenced the defendant to a term of 46 months' imprisonment, to be followed by a term of two years' supervised release.

On appeal, the defendant argues that the district court erred in finding that sentencing disparities created by the Department of Justice's "fast-track" programs for illegal reentry offenders are not "unwarranted" disparities within the meaning of 18 U.S.C. § 3553(a)(6). *See*

*United States v. Pereira,* 465 F.3d 515, 523 n. 7 (2d Cir.2006) (describing "fast-track" programs). The defendant argues that under the framework set forth in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the District Court should have imposed a lower, non-Guidelines sentence in order to avoid such disparities.

Defendant's claim is without merit. "[A] district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *United States v. Mejia,* 461 F.3d 158, 164 (2d Cir.2006). Pursuant to our holding in *Mejia,* we conclude that the district court did not err in failing to adjust the defendant's sentence on the basis of potential disparities caused by the Department of Justice's "fast-track" programs.

The defendant also argues that his sentence is unreasonably long and therefore violates the "parsimony clause" of 18 U.S.C. § 3553, which directs that a "court shall impose a sentence sufficient, but not greater than necessary" to achieve the ends of sentencing. *Id.* at § 3553(a). Here, as in *United States v. Williams,* 475 F.3d 468 (2d Cir.2007), "there is no indication that the District Court actually failed to consider the requirements of the parsimony clause." *Id.* at 477. "To the contrary, the District Court explicitly stated that it was considering all of the § 3553(a) factors in determining [Lopez–Torres's sentence], ... and 'we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors' set out in 18 U.S.C. § 3553(a)." *Id.* (quoting *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006)) (alteration omitted). Inasmuch as there is no evidence to the contrary, we conclude that the district court properly considered

all of the section 3553(a) factors, including the parsimony clause, and we find the sentence to be reasonable.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.