**UNITED STATES of America,**
**Appellee,**

v.

**Ivor CONSTANTINE, Defendant–**
**Appellant.**

**No. 06–0931–cr.**

United States Court of Appeals,
Second Circuit.

June 29, 2007.

Laurie S. Hershey, Manhasset, NY, Ivor Constantine, Philipsburg, PA, Pro Se, for Appellant.

Joshua Klein, Assistant United States Attorney (United States Attorney Michael J. Garcia, and Assistant United States Attorney Katherine Polk Failla, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Ivor Constantine appeals from a judgment of the United States District Court for the Southern District of New York convicting him, after a plea of guilty, of one count of illegal reentry into the United States after deportation subsequent to a conviction for commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). *See United States v. Constantine,* 417 F.Supp.2d 337, 338 (S.D.N.Y.2006). The district court sentenced the defendant to a term of 27 months' imprisonment, three months below the Guidelines range.

On appeal, the defendant argues that the district court erred by imposing a sentence that is substantively unreasonable under 18 U.S.C. § 3553(a) because it does not reflect, *inter alia,* benign reasons for reentering, generally law-abiding conduct after reentering, and time already

served and likely to be served in immigration custody. The district court considered the arguments that Constantine raises on appeal and imposed a sentence that fell three months below the Guidelines minimum. We conclude that such a sentence was reasonable.

■ The defendant also argues that the district court erred by refusing to depart horizontally, pursuant to U.S.S.G. § 4A1.3(b), because the Guidelines substantially over-represented the seriousness of his criminal history. The argument is without merit. A refusal to depart is not appealable unless "a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005). The district court sentencing Constantine explicitly recognized its authority to depart and elected not to do so. Sentencing Tr. at 32. We therefore lack jurisdiction to review its refusal to depart.

■ Additionally, the defendant argues that the district court erred by not departing downward or imposing a lower non-Guidelines sentence in response to "double counting" in the Guidelines calculation for a violation of 8 U.S.C. § 1326(b)(2). "It is well-established in this Circuit that a district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases." *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir.2006)

(emphasis in original). Therefore, the district court did not err by refusing to adjust the defendant's sentence to reduce the impact of "double counting."

In a pro se brief, the defendant challenges the validity of the deportation order underlying his conviction for illegal reentry. In order to make such a challenge in a criminal proceeding for illegal reentry, an alien must have exhausted available administrative remedies, have been deprived of opportunities for judicial review, and show that the deportation order was fundamentally unfair. *See* 8 U.S.C. § 1326(d); *see generally United States v. Copeland*, 376 F.3d 61 (2d Cir.2004). Constantine does not and cannot argue that he exhausted his administrative remedies or was deprived of judicial review. We therefore need not and do not decide whether the deportation order was fundamentally unfair.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.