**UNITED STATES of America,**
**Appellee,**

v.

**Eddie DELACRUZ, also known as**
**Juan Riveria, Defendant–**
**Appellant.**

No. 06–2818–cr.

United States Court of Appeals,
Second Circuit.

Sept. 25, 2007.

Evan C. Williams & Emily Berger, Assistant United States Attorney Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

Barry D. Leiwant, Appeals Bureau, Federal Defenders Of New York, Inc., New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Eddie Delacruz appeals from a judgment of conviction rendered by Judge Glasser on March 2, 2006 in the United States District Court for the Eastern District of New York. Delacruz, a citizen of the Dominican Republic, pled guilty to the crime of illegally reentering the United States after being deported subsequent to a conviction for an aggravated felony. 8 U.S.C. § 1326(a), (b)(2). The district court sentenced Delacruz to forty-six months' imprisonment, three years of supervised release, and a special assessment of $100. We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

For the purposes of this order, we read Judge Glasser as having held that he was *unable* to consider what Delacruz claimed were "unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), caused by the existence of "fast-track" programs for immigration crimes in other districts. Two objections to such a district court decision might be raised. First, an appellant in Delacruz's position could argue that the district court committed legal error in holding that could not consider reducing Delacruz's sentence on the basis of these disparities. Second, an appellant might assert that it is unreasonable as a matter of law for a district court to refuse to reduce a defendant's sentence to take account of these disparities.

On appeal to us, Appellant presses only the second argument. We have squarely rejected that contention, and held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir.2006); *see also United States v. Pereira*, 465 F.3d 515, 522–23 (2d Cir.2006). We express no view as to the merits of the first argument, which is not properly before us.

The judgment of the district court is **AFFIRMED.**