**UNITED STATES of America,**
**Appellee,**

v.

**Carmen SANTIAGO, Defendant–**
**Appellant.**

No. 07–0782–cr.

United States Court of Appeals,
Second Circuit.

Sept. 28, 2007.

Jocelyn E. Strauber, Assistant United States Attorney (Katherine Polk Failla, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Edward S. Zas, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Carmen Santiago appeals from a February 13, 2007 judgment of the United States District Court for the Southern District of New York (Griesa, *J.*) sentencing her to five months' imprisonment for committing health care fraud, in violation of 18 U.S.C. § 1347. We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

Under 18 U.S.C. § 3742(a) we may review sentences allegedly "imposed in violation of law." *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006). We examine *de novo* a district court's interpretation of the Sentencing Guidelines, and we evaluate its findings of fact for clear error. *United States v. Rattoballi,* 452 F.3d 127, 132 (2d Cir.2006). "We review both Guidelines and non-Guidelines sentences for reasonableness," *United States v. Pereira,* 465 F.3d 515, 519 (2d Cir.2006), without applying "any *per se* rules as to the reasonableness of every sentence within an applicable guideline or the unreasonableness of every sentence outside an applicable guideline," *United States v. Crosby,* 397 F.3d 103, 115

(2d Cir.2005). We characterize reasonableness review as "akin to review for abuse of discretion." *Fernandez*, 443 F.3d at 27.

The district court did not abuse its discretion. While a sentence may be unreasonable if the sentencing court has failed to comply with procedural requirements when imposing the sentence, *United States v. Giovanelli*, 464 F.3d 346, 355 (2d Cir. 2006), no such error occurred here. The sentencing judge took notice of the presentence report and the recommended Guidelines, considered defense counsel's arguments in favor of a non-custodial sentence, and concluded that, "under all the circumstances," including a weighing of the factors listed in 18 U.S.C. § 3553, a sentence at the low end of the recommended Guidelines range (ten months), with a special accommodation so that Santiago would be imprisoned for only five months, was appropriate. This process fully comports with "the thorough adversarial testing contemplated by federal sentencing procedure." *Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007).

We have reviewed all of Santiago's arguments, and we find them without merit. Accordingly, the judgment of the district court is AFFIRMED.