**UNITED STATES of America,**
**Appellee,**

v.

**George LEGUEN, Defendant–**
**Appellant.**

**No. 06–2864–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 4, 2008.

Lawrence Gerzog, New York, N.Y., for Defendant–Appellant.

Boyd M. Johnson III and Celeste L. Koeleveld for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Present DENNIS JACOBS, ROSEMARY S. POOLER, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

George Leguen appeals from a judgment of the district court sentencing him, in principal part, to a term of imprisonment of 151 months on one count of conspiracy to distribute and possess with intent to distribute cocaine. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

"We review both Guidelines and non-Guidelines sentences for reasonableness." *United States v. Pereira,* 465 F.3d 515, 519 (2d Cir.2006). "An error in determining the applicable Guideline range ... would be the type of procedural error that could render a sentence unreasonable." *United States v. Selioutsky,* 409 F.3d 114, 118 (2d Cir.2005). We review the district court's interpretation of the Sentencing Guidelines *de novo* and the district court's findings of fact for clear error. *United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005).

Leguen's challenge to the district court's Guidelines calculation has no merit. Leguen complains that the district court failed to subtract two points from his total offense level for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. In light of Leguen's failure to appear for his bail hearing and his subsequent flight to the Dominican Republic, we see no error in the district court's determination that Leguen did not accept responsibility for his offense. *See United States v. Loeb,* 45 F.3d 719, 722 (2d Cir.1995) ("[I]ntentional flight from a judicial proceeding is grounds ... for a sentencing court to deny an adjustment for acceptance of responsibility....").

Nor are we persuaded by Leguen's argument that the district court improperly fashioned two alternate Guideline calculations. Although Leguen directs us to language, such as "acceptance of responsibility" and "points," that might suggest a second Guideline calculation, considered in context, these comments clearly relate to the court's analysis of the factors under 18 U.S.C. § 3553(a). In evaluating both the "the history and characteristics of the defendant," *id.* § 3553(a)(1), and "the need ... to promote respect for the law," *id.* § 3553(a)(2), the district court could reasonably conclude that any positive consideration merited by Leguen's cooperation and guilty plea was offset by the extra effort Leguen put the government to when he took fugitive status.

We have considered Leguen's other arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**