No. 08-4897-cr
USA v. Valdez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand nine.

Present:
     ROBERT A. KATZMANN,
     BARRINGTON D. PARKER,
     GERARD E. LYNCH,
          *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

          *Appellee*,

          v.                                             No. 08-4897-cr

CARLOS MANUEL VALDEZ, also known as Carlos Sossa,

          *Defendant-Appellant*,

_____

For Defendant-Appellant Carlos
Manuel Valdez:

Peter F. Langrock and Mitchell L. Pearl, Langrock
Sperry & Wool, LLP, New York, NY

For Appellee:

Howard S. Master and Katherine Polk Failla,
Assistant United States Attorneys, *of counsel*, *for* Lev
L. Dassin, United States Attorney, Southern District
of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York
(Swain, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and
**DECREED** that the judgment of the district court entered October 1, 2008, is **AFFIRMED**.

Defendant-Appellant Carlos Manuel Valdez appeals from a judgment of the United States
District Court for the Southern District of New York (Swain, *J.*), entered September 30, 2008,
convicting him, following a plea of guilty, of illegally re-entering the United States after being
convicted of an aggravated felony, and sentencing him principally to 70 months' imprisonment.
We assume the parties' familiarity with the facts, procedural history, and specification of issues
on appeal.

Valdez challenges the sentence imposed by the district court on the grounds that the
sentencing judge failed to treat the Sentencing Guidelines as advisory only, improperly treated
the sentencing range under the Guidelines as presumptively reasonable, and failed overall to
impose a reasonable sentence under the circumstances of the case. In reviewing sentencing
proceedings, we first ascertain whether the district court complied with the applicable procedural
requirements; if we determine that all procedural requirements are met, we review the district
court's substantive determination under a deferential abuse-of-discretion standard. *United States*

2

*v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008). Procedural error is committed if the district court, *inter alia*, treats the Sentencing Guidelines as mandatory, fails to consider the factors set forth in 18 U.S.C. § 3553(a), or fails to adequately explain its chosen sentence. *Id.* at 190.

Valdez asserts that the district court failed to treat the Guidelines as advisory only, but his argument rests on a strained interpretation of certain phrases used by the sentencing judge (such as "appropriate basis for departure" **A 20**) in determining the appropriate calculation of his sentencing range under the Guidelines. The transcript of the sentencing proceedings as a whole demonstrates that the district court appropriately determined the applicable Guidelines range and the availability of any departure authority, *see United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005), before going on to determine that a sentence at the bottom of the Guidelines range was appropriate in light of the factors named in § 3553(a).

Nor does the district court's disagreement with Valdez's argument that a below-Guidelines sentence was appropriate because the Guidelines calculation "double counted" his prior criminal convictions indicate that the district court inappropriately failed to regard the Guidelines as advisory or committed a procedural or substantive error of any kind. "It is well-established in this Circuit that a district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases." *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006) (emphasis in original). The same can be said of the district court's disagreement with Valdez's argument that imposing a Guidelines sentence creates an unwonted disparity between him and defendants convicted of unlawful reentry in jurisdictions that have "fast track" programs, in which such defendants receive reduced sentences in exchange for agreeing to quick,

3

uncontested removal from the United States, *see id.* at 523 n.7.  Again, we have specifically held

that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track

program does not make a sentence unreasonable."  *United States v. Mejia*, 461 F.3d 158, 164 (2d

Cir. 2006).  In sum, the district court thoroughly addressed Valdez's arguments on these points

and fully set forth its reasons for sentencing him, in light of all of the relevant factors, to 70

months' imprisonment.

We have considered Valdez's other arguments and find them without merit.  For the

foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK


By:_____

4