09-5268-cr
USA v. Reyes-Parsino

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand ten.

Present: RALPH K. WINTER,
GUIDO CALABRESI,
ROBERT A. KATZMANN,
*Circuit Judges*,

_____

UNITED STATES OF AMERICA,

*Appellee*,

- v -                                    No. 09-5268-cr

JORGE REYES-PARSINO, also known as Renee Animas, also known as Rene Animas,

*Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Darrell B. Fields, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y. |
| For Appellee: | Amir H. Toossi, Assistant United States Attorney (Susan Corkery, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. |

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Rene Animas[*] appeals from an October 26, 2009 judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) entered following a plea of guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). We assume the parties' familiarity with the underlying facts, procedural history of this case, and the specification of issues on appeal.

The district court sentenced Animas principally to 42 months' imprisonment, and Animas now challenges the substantive reasonableness of that sentence. Our review of the district court's sentence for reasonableness "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). Substantive determinations shall be set aside "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "[W]e do not presume that a Guidelines-range sentence is reasonable," but rather "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190.

Animas first contends that § 2L1.2 of the Guidelines irrationally over-punishes the nonviolent act of illegal reentry. Section 2L1 provides for a base offense level of 8, with a 16-

---

[*] Defendant-Appellant informed the district court that his true name is Rene Animas and accordingly we refer to him by that name.

point upward adjust if the deportation occurred after the alien was convicted of a felony that is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A) & cmt. n.1(B)(iii). It is undisputed that Animas's prior conviction for assault qualifies as such a crime. He argues that the resulting offense level of 24 is "irrational" for two reasons: it double counts his criminal history and is excessive for a nonviolent offense in comparison with the comparable or lower offense levels of certain violent offenses. With respect to the double counting argument, "[i]t is well-established in this Circuit that a district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases." *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006). Nor is Animas's sentence substantively unreasonable based on its offense level vis-à-vis the offense levels of various other crimes. Although illegal reentry is a nonviolent offense, we cannot say that it is irrational to increase significantly its relatively low base offense level of 8 for defendants who have prior violent felony convictions. *See, e.g.*, *United States v. Montague*, 376 F. App'x 124, 127 (2d Cir. 2010) (summary order) ("The Sentencing Commission, and the district court, are entitled to make their own judgments about the need for punishment and deterrence, and the relative seriousness of different offenses.").

Animas next argues that his sentence is unreasonable because defendants in districts with so-called "fast-track" disposition programs receive much lower sentences. However, this argument is foreclosed, as we have held "that a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir. 2006). Any argument that fast-track versus non-fast-track disparities ought to be taken into account under 18 U.S.C. § 3553(a)'s parsimony

clause is likewise unavailing, because "defendants in fast-track districts [are] not similarly situated to those in non-fast-track districts." *United States v. Hendry*, 522 F.3d 239, 242 (2d Cir. 2008) (per curiam) (citing *Mejia*, 461 F.3d at 162).

Finally, Animas argues that his sentence is unreasonable in light of the § 3553(a) factors. However, the district court explicitly considered defendant's arguments and took a different view of the weight of the § 3553(a) factors in this case, particularly with respect to the need to deter Animas from recidivism. This is precisely the sort of weighing that is entrusted to the discretion of the district court, and we will not second guess the district court's determination on review.

We have considered all of Animas's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4