**UNITED STATES of America,**
**Appellee,**

v.

**Hector Gabriel PEREZ–GALLEGOS,**
**Defendant–Appellant.**

**No. 05–4078–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 26, 2007.

Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, NY, for Appellant.

Marissa Molé, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, of counsel, Michael J. Garcia, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant Hector Gabriel Perez–Gallegos appeals the sentence imposed on him after he pleaded guilty to illegally reentering the United States after having been deported following conviction for an aggravated felony, without having obtained the express permission of the Attorney General of the United States, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Judge Lynch sentenced Perez–Gallegos principally to 77 months of imprisonment, which was within the 77– to 96–month range prescribed by the U.S. Sentencing Guidelines as a result of the uncontested calculations in Perez–Gallegos's Presentence Investigative Report ("PSR"). We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

We have jurisdiction to review the District Court's sentence for reasonableness, see United States v. Booker, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), notwithstanding that the sentence imposed was within the applicable Guidelines range, see United States v. Fernandez, 443 F.3d 19, 25–26 (2d Cir.2006).

Perez–Gallegos argues that the District Court committed reversible error by stating, before imposing sentence, that Perez–Gallegos had an "apparent history of resisting arrest when apprehended," Sentencing Hr'g Tr. 13, July 5, 2005 ("Sentencing Tr."), even though there is no indication in the record that Perez–Gallegos had ever resisted arrest. The Government concedes that the District Court's description of Perez–Gallegos's history of resisting arrest is without support in the record, but asserts that a remand is unnecessary because the District Court's explanation at sentencing makes clear that Perez–Gallegos's sentence was not based on its erroneous belief that Perez–Gallegos had resisted arrest.

We review the District Court's erroneous statement, which was not objected to

by Perez–Gallegos's trial counsel, for plain error. Under that standard, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks, brackets, and citations omitted).

We agree with the Government that the District Court did not commit reversible error when referring to Perez–Gallegos's "apparent history of resisting arrest." Applying plain error analysis, we conclude that Perez–Gallegos's challenge fails because he cannot demonstrate that the District Court's erroneous statement affected his substantial rights. The District Court imposed a sentence within the applicable Guidelines range based on its view that "there is a particular premium in adhering to the [Sentencing G]uideline recommendation" in illegal reentry cases. Sentencing Tr. 12. The District Court viewed Perez–Gallegos's "significant criminal history" as a reason not to grant "any unusual leniency" to Perez–Gallegos, *id.* at 13, referencing Perez–Gallegos's "apparent history of resisting arrest when apprehended," *id.,* only as an additional reason for declining to impose a below-Guidelines sentence. Perez–Gallegos thus cannot show that the District Court based its decision not to impose a below-Guidelines sentence on its mistaken view of Perez–Gallegos's criminal history.[1]

Perez–Gallegos concedes that his remaining claims are foreclosed by recent decisions of this Court. *See United States v. Mejia,* 461 F.3d 158, 164 (2d Cir.2006) ("[A] district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable."); *United States v. Pereira,* 465 F.3d 515, 522 (2d Cir.2006) ("[A] district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases.").

We have considered all of Perez–Gallegos's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.

---

1. Perez–Gallegos also argues on appeal that his trial counsel was constitutionally ineffective for failing to object to the District Court's erroneous reference to his "apparent history of resisting arrest." It is well established that "[t]his court is generally disinclined to resolve ineffective assistance claims on direct review," *United States v. Gaskin,* 364 F.3d 438, 467 (2d Cir.2004), and we decline to do so here.