NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 22, 2007
Decided March 12, 2007

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-3349

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05-CR-712-1 |
| RAIMONDORAY CERNA, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Raimondoray Cerna pleaded guilty to being in the United States without permission after his removal following conviction for an aggravated felony. See 8 U.S.C. § 1326(a), (b)(2). The district court sentenced him within the guidelines range to 28 months' imprisonment and fined him $20,000. Cerna argues that his prison sentence is unreasonable because the guidelines range, even though properly calculated, was greatly affected by counting a prior conviction for an aggravated felony that, in Cerna's view, is not that serious. We conclude that the district court chose a reasonable sentence and thus we affirm.

**I**

In August 2005 a criminal complaint charging Cerna with violating § 1326(a) was

filed in the Northern District of Illinois, and a warrant for his arrest was issued. The following month Cerna was apprehended in Florida in a car, along with three other people, $5,100 in cash, device-making equipment, and 50 blank plastic cards resembling credit cards. Cerna was returned to Illinois on the § 1326(a) charge; some time later, he entered into a written plea agreement with the government.

The probation officer determined that Cerna, who was born in Romania, first entered the United States illegally in 1996. The probation officer also discovered that Cerna had a 2002 conviction in Cook County, Illinois, for forgery (under an alias), for which he was sentenced to 60 days' imprisonment and two years' probation. Cerna also had pleaded guilty in federal court in 2002 to possessing forged securities with intent to defraud, 18 U.S.C. § 513(a), after he and others set out to cash forged checks totaling $87,300. (They never passed the checks.) Cerna was sentenced to eight months' imprisonment and three years' supervised release and was removed from the United States after receiving an explicit warning that he was not to return without the express consent of the Attorney General. He paid little heed to the warning, instead returning illegally a little over a year later. In April 2004 he was charged by Chicago police with possessing a false Nevada driver's license and driving without a license. He was released on bond, but he forfeited his bond by failing to appear in court.

For his illegal reentry offense, the probation officer set the base offense level at eight, see U.S.S.G. § 2L1.2(a), and added eight levels because Cerna's federal conviction qualifies as an aggravated felony, see U.S.S.G. § 2L1.2(b)(1)(C). After subtracting three levels for acceptance of responsibility, the probation officer arrived at a total offense level of 13, which in combination with Cerna's criminal history category of IV, yielded an advisory guidelines imprisonment range of 24 to 30 months. In his Position Paper Regarding Sentencing Issues, Cerna conceded that the calculations in the presentence report were correct and told the court that he was cooperating in yet another criminal investigation, in which he expected to be charged. Nevertheless, he objected to a sentence within the guidelines range because, he said, the eight-level increase for his aggravated felony overstated the seriousness of the offense since he never succeeded in negotiating the forged checks.

At sentencing Cerna's counsel asked for a prison term within the 18- to 24-month range envisioned in the plea agreement, which was executed before the government knew about Cerna's state-court conviction. The district court, however, adopted the calculations in the PSR and, while recognizing that the guidelines are "not any longer binding," concluded that a sentence within the guidelines range was appropriate. The court reasoned that Cerna had reentered the country illegally, and "it's one thing to come here . . . to work" and "another thing to come here to commit crime." The court chose a 28-month sentence and fined Cerna $20,000 because he should not "have the fruits" of his criminal activity.

## II

Although his brief is difficult to follow, Cerna apparently argues that his sentence is unreasonable despite the fact that it falls within the properly calculated guidelines range. He suggests that the eight-level increase in offense level based on his prior federal conviction, see U.S.S.G. § 2L1.2(b)(1)(C), was too harsh because he never cashed any of the forged checks. He also contends that the district court improperly considered his status as an illegal alien with a prior felony conviction, because those factors are inherent in a case arising under § 1326(a) and (b).

This court reviews criminal sentences for reasonableness. *United States v. Roche-Martinez*, 467 F.3d 591, 595 (7th Cir. 2006). A sentence within the properly calculated guidelines range is presumed reasonable. *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). *Cf. United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W 3246 (U.S. Nov. 3, 2006) (No. 06-5754) (granting writ of certiorari to decide whether presuming sentence within guidelines range to be reasonable is consistent with *United States v. Booker*, 543 U.S. 220 (2005)).

Cerna's sentence is reasonable, presumption or no. A district court must entertain, but is not required to accept, serious arguments in favor of a sentence below the guidelines range. See *Gama-Gonzalez*, 469 F.3d at 1111; *United States v. Cunningham*, 429 F.3d 673, 678-79 (7th Cir. 2005); see generally 18 U.S.C. § 3553(a). Once the court has accepted all evidence that is relevant under § 3553(a), it must explain its sentencing decision. See *United States v. Garner*, 454 F.3d 743, 751 (7th Cir. 2006) (upholding as reasonable defendant's sentence at high end of properly calculated guidelines range though he argued that criminal history category of IV overstated his criminal past, which consisted only of misdemeanors). Here, although the district court's statement was brief, it was enough to permit us to understand the court's sentencing decision. The court was troubled that Cerna had returned to the United States and resumed his criminal career "after having been convicted and deported [and] before even his period of supervised release for his prior conviction was finished." Implicit in the court's statement is its recognition that Cerna is an illegal alien who committed prior crimes, see 18 U.S.C. § 3553(a)(1); that he was not deterred by his prior sentences and deportation, and had not gained respect for the law, see *id.* § 3553(a)(2)(B); that the public needed protection from him, see *id.* § 3553(a)(2)(C); and that his crime was serious, see *id.* § 3553(a)(2)(A). Cerna concedes that his earlier offense involved his possession of forged checks in violation of 18 U.S.C. § 513(a) (he characterizes the crime as an "attempt" to cash forged checks) and that an eight-level increase in offense level "technically" applied under § 2L1.2(b)(1)(C) for this aggravated felony. Thus, although the district court had discretion to sentence him below the guidelines range if it agreed with his contention that his criminal history was overstated, the court was by no means compelled to do so. See *Garner*, 454 F.3d at 751.

Cerna also suggests that his sentence is unreasonable because the district court mentioned his immigration status and criminal history, both of which are givens for his offense of illegal reentry following removal because of a conviction for an aggravated felony. Cerna is wrong if he means to argue that the district court could not properly take into account this aspect of his history. This court has noted that it is "particularly troublesome to have illegal aliens returning who are not just illegal aliens but also criminals." *United States v. Gonzalez*, 112 F.3d 1325, 1330 (7th Cir. 1997). Thus, the district court was entitled (and in fact required) to consider Cerna's past conduct and criminal reentry in sentencing him. See also 18 U.S.C. §§ 3553(a)(1)-(2) (requiring the court to consider defendant's history in sentencing). Finally, contrary to Cerna's assertion, the district court emphasized that it was Cerna's *current* criminal conduct that drove its decision to sentence him within the guidelines range. The circumstances surrounding Cerna's apprehension in Florida make it apparent that he was engaged in credit-card fraud, and what the district court said was that if he "insist[ed] on coming back and [committing crime]," he was "going to be punished." Cerna therefore has not carried his burden of showing that the district court's refusal to impose a sentence below the properly calculated guidelines range resulted in an unreasonable sentence.

In his reply brief Cerna argues for the first time that his aggravated felony conviction was "double-counted" in his total offense level and criminal history, and that the absence of a "fast track" program in the Northern District of Illinois makes his sentence unreasonable. Apart from the fact that he waived these arguments by failing to raise them until his reply brief, they are both without merit. See *United States v. Hernandez-Fierros*, 453 F.3d 309, 312-13 (6th Cir. 2006) (double-counting); *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006) (same); *Roche-Martinez*, 467 F.3d at 595-96 (fast track); *United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 462-463 (7th Cir. 2006) (same).

The judgment of the district court is AFFIRMED.