NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 9, 2014
Decided November 6, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-1973

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br> v. <br><br> ALEJANDRO JORGE JIMENEZ, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 13 CR 493-1 <br><br> Charles P. Kocoras, <br>     *Judge.* |

**O R D E R**

Alejandro Jorge Jimenez appeals his 77-month sentence for illegally reentering the United States without permission. 8 U.S.C. § 1326(a); 6 U.S.C. § 202(4). He argues on appeal that his within-guidelines sentence is substantively unreasonable because the reentry guideline overrepresented his criminal history and impermissibly double-counted his prior convictions. Because the district court concluded that Jimenez was a recidivist whose conduct warranted a within-guidelines sentence to deter him from future reentries, we affirm.

Jimenez, a native and citizen of Mexico, entered the United States sometime before 1996. He spent the next nine years committing a variety of crimes including retail theft, driving

without a valid driver's licence, escaping from a police officer, violating numerous orders of protection, domestic battery, and aggravated assault with a deadly weapon. In 2005, Immigration authorities removed Jimenez after he served his sentence for an aggravated fleeing and eluding conviction.

Jimenez returned to the United States sometime before February 2012. That month Jimenez drove into his ex-girlfriend's car and beat her car and her male passenger with a baseball bat; he was charged and convicted of armed violence in October 2012. A month later Immigration officials discovered Jimenez, and in June 2013, charged him with reentering the United States after a previous removal. Six months later he pleaded guilty. Jimenez sought to withdraw the guilty plea in December, but the court denied the motion and the case proceeded to sentencing.

The probation officer recommended a guidelines range of 77 to 96 months' based on Jimenez's total offense level of 21 and criminal-history category of VI. Jimenez initially objected to the criminal-history calculation, but withdrew his objection at sentencing. At the hearing, the court adopted the guidelines range recommended in the report. The government argued that a within-guidelines sentence was appropriate to deter Jimenez from coming back to and committing additional crimes in the United States.

Jimenez urged the district court to impose a below-guidelines sentence because the vast majority of his offenses that accrued criminal-history points occurred more than a decade earlier. He also argued that he was not a violent offender and that his conviction for domestic violence, which triggered a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), was much less severe than other crimes that typically trigger the enhancement like murder, manslaughter, robbery, or forcible-sex offenses. Finally he argued that he had a difficult childhood during which he was a victim of domestic violence and received a limited education.

The district court recognized that Jimenez had a difficult childhood, but concluded that his childhood circumstances did not excuse his criminal conduct in the United States. The court listed Jimenez's numerous convictions and found that his criminal-history category actually underrepresented his criminality because Jimenez had ten convictions that received no criminal-history points. Because Jimenez was a recidivist "of the first order," the district court found that the guidelines were independently reasonable and imposed a 77-month sentence.

Jimenez argues that his sentence is substantively unreasonable because it is unduly harsh. To succeed on a claim of substantive unreasonableness, Jimenez must rebut the presumption that his within-guidelines sentence is reasonable. *See Rita v. United States*, 551 U.S. 338, 341

(2007); *see also United States v. Cheek*, 740 F.3d 440, 456 (7th Cir. 2014) (stating that a "within guidelines sentence will almost never be unreasonable") (internal citations omitted).

Jimenez first argues that the reentry guidelines overrepresent his past and present criminal history because they give too much weight to stale convictions—i.e., five of his fourteen criminal-history points stem from convictions that occurred a decade before his arrest for illegal reentry. But Jimenez is wrong. He properly accrued three points for his 18-month sentence in 2002 for aggravated fleeing and eluding, *see* U.S.S.G. §§ 4A1.1(a), 4A1.2(e)(1), and two points for his 120-day sentence in 2003 for escaping a peace officer and driving with a revoked license, *see id.* § 4A1.1(b). Neither conviction is stale because both occurred within ten years of his illegal reentry. *See id.* § 4A1.2(e)(2).

Moreover, the district court appropriately found that the guidelines actually *underrepresented* Jimenez's criminal history. The court determined that Jimenez's past criminal record was not an aberration and that he was a recidivist "of the first order" with 13 convictions receiving criminal-history points (including domestic battery and armed violence) and 10 extra convictions failing to incur any criminal-history points (either because the convictions were too old to consider, or because Jimenez received fines, restitution, probation, or negligible terms of imprisonment for which the guidelines did not award criminal-history points). A bottom-range sentence is not substantively unreasonable when a defendant has multiple convictions and removals. *See United States v. Castro-Alvarado*, 755 F.3d 472, 478 (7th Cir. 2014); *United States v. Marin-Castano*, 688 F.3d 899, 905 (7th Cir. 2012).

Jimenez's remaining three complaints that his sentence is unreasonable are equally unpersuasive, and he forfeited each of them by failing to argue them before the district court. Thus, our review is for plain error. *See United States v. Jaimes-Jaimes*, 406 F.3d 845, 847 (7th Cir. 2005).

First, Jimenez argues that the district court failed to consider that the reentry guidelines are overly harsh because they sentence him akin to violent offenders. But Jimenez *is* a violent offender. His most recent conviction was two years ago for taking a bat to his ex-girlfriend's car and her male passenger's leg. Eight years earlier, Jimenez was convicted of domestic battery and aggravated assault with a deadly weapon after he punched one woman in the face and struck another woman in the back with a metal pipe after pointing a gun at her.

Second, Jimenez argues that the guideline creates a disparity between those who enter the United States with a criminal record and those who do not. This is a routine complaint about the guidelines. It is not plain error for a court to overlook stock arguments. *See United States v. Moreno-Padilla*, 602 F.3d 802, 814 (7th Cir. 2010); *United States v. Aguilar-Heurta*, 576 F.3d 365,

367–68 (7th Cir. 2009); *United States v. Martinez*, 520 F.3d 749, 753 (7th Cir. 2008). In any case it is not unreasonable to treat people who enter the United States illegally but do not commit additional crimes differently from those who do.

Third, Jimenez complains that the court did not analyze whether the guidelines unfairly double counted his prior convictions by increasing both his criminal-history score and his offense level. But double counting is permissible unless expressly prohibited by the guidelines, *see United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012), and it cannot be plain error to do exactly as the guidelines direct. Here the guidelines specifically contemplate the use of prior offenses in calculating both offense level and criminal history category, *see* U.S.S.G. § 2L1.2; *United States v. Cerna*, 219 F. App'x 513, 516 (7th Cir. 2007); *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007); *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006), because the provisions punish different things. "The criminal history section is designed to punish likely recidivists more severely while the enhancement under § 2L1.2 is designed to deter aliens who have been convicted of a felony from re-entering the United States." *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992).

The district court determined that Jimenez was a recidivist with an extensive criminal history and found that he "earned" the guidelines sentence because of his history of criminal activity in the United States after a previous removal. Thus, there was no error, plain or otherwise, in including Jimenez's prior convictions in his offense-level calculation and criminal-history score.

Because Jimenez's appellate arguments do not rebut the presumption of reasonableness that attached to his within-guidelines sentence, we AFFIRM the judgment of the district court.