**UNITED STATES of America,**
**Appellee,**

v.

**Roberto GONZALEZ, Defendant–**
**Appellant.**

**No. 06–0379–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 4, 2007.

Anjan Sahni, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York; Katherine Polk Failla, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Yuanchung Lee, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Roberto Gonzalez appeals from a judgment of conviction entered on January 19, 2006, in the United States District Court for the Southern District of New York (Daniels, J.) following a plea of guilty to one count of illegal reentry following deportation subsequent to the commission of an aggravated felony. See 8 U.S.C. § 1326(a) and (b)(2). Gonzalez was sentenced principally to a term of thirty-six months' imprisonment. We presume the parties' familiarity with the factual and procedural background of this case.

Gonzalez makes three arguments based on the availability of "fast-track" programs in other jurisdictions. The fast-track program, available in jurisdictions with a high number of illegal reentry cases, permits the United States Attorney to offer a reduced sentence to defendants who violate 8 U.S.C. § 1326. In return, the defendant is required to plead guilty and waive certain rights, including the right to appeal. First, Gonzalez argues that the district court erroneously believed that it could not consider the sentencing disparities caused by the fast-track programs in fashioning his sentence. In his December 29, 2005 letter to the district court, however, Gonzalez explained to the court that it had discretion to consider these sentencing disparities. We must presume that the district court properly considered Gonzalez's submission in imposing the sentence. United States v. Fernandez, 443 F.3d 19, 34–35 (2d Cir.2006) (explaining that we "entertain a strong presumption that a sentencing judge has taken properly presented arguments into account and considered all the § 3553(a) factors in the course of imposing a sentence."). As there is no evidence in the record to indicate that the district court thought it had no discretion, and Gonzalez points to none, we reject this part of Gonzalez's claim.

Second, Gonzalez argues that the district court erred by failing to consider whether the availability of lower sentences in fast-track districts created unwarranted sentencing disparities among defendants convicted of the same crime in different jurisdictions. See 18 U.S.C. § 3553(a)(6) (requiring district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). We rejected this argument in United States v. Mejia, 461 F.3d 158, 164 (2d Cir.2006) ("[A] district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable.").

Third, Gonzalez makes a similar argument under the parsimony clause, which provides that "[t]he [district] court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2) ]." 18 U.S.C. § 3553(a). He asserts that the existence of fast-track programs in some jurisdictions and not others frustrates the congressional intent behind § 3553(a) by permitting disparate sentencing for defendants who have committed similar crimes.

However, Gonzalez failed to raise the parsimony clause in urging the district court to impose a sentence below the Guidelines range and therefore waived this argument. *See Salahuddin v. Goord*, 467 F.3d 263, 275 (2d Cir.2006).

Gonzalez also argues that his sentence was unreasonable because it double counts his single aggravated felony by considering it in both his offense level and criminal history calculations. This Court has squarely addressed the double counting issue. "It is well [ ] established in this Circuit that a district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases.... [T]he offense level and criminal history category measure different things." *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir.2006) (internal quotation marks omitted). Gonzalez's double-counting claim is thus foreclosed.

Finally, Gonzalez asserts the unreasonableness of his sentence based on the Government's two-year delay in prosecution while he was in state custody, citing *United States v. Los Santos*, 283 F.3d 422 (2d Cir.2002) (finding that a four-month delay was not unreasonable but that a longer delay could be). The district court, however, expressly accounted for the delay in imposing a sentence ten months below the bottom of the applicable Guidelines range. Moreover, we review a sentence for reasonableness. *Fernandez*, 443 F.3d at 26. "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *Id.* at 27. Gonzalez has failed to establish that the district court abused its discretion in imposing a sentence reduced by ten months, or that the sentence was otherwise unreasonable.

For the foregoing reasons, we AFFIRM the sentence of the district court.