UNITED STATES of America,
Appellee,

v.

Maurice YOUMANS, Defendant–
Appellant.

No. 06–2343–cr.

United States Court of Appeals,
Second Circuit.

Oct. 9, 2007.

Gary D. Weinberger, Assistant Federal Defender (Thomas G. Dennis, Federal Defender, on the brief), Federal Public Defender's Office, Hartford, CT, for Appellant.

Sandra S. Glover, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, District of Connecticut, on the brief; John A. Marrella, Assistant United States Attorney, of counsel) United States Attorney's Office for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. DEBRA A. LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Maurice Youmans appeals from the May 12, 2006 final judgment of the United States District Court for the District of Connecticut (Droney, J. ).

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. In brief, Youmans pled guilty to a single count under 18 U.S.C. § 922(g)(1) after New Haven police officers seized a nine-millimeter semiautomatic pistol from him. The plea agreement stipulated that, for purposes of the Guidelines, Youmans's offense level was 23 and Youmans's criminal history was Category VI, resulting in a Guidelines sentencing range of 92 to 115 months.

At sentencing, Youmans moved for a downward departure or, in the alternative, a non-Guidelines sentence, pursuant to U.S.S.G. § 5H1.3 and *United States v. Brady*, 417 F.3d 326, 334 (2d Cir.2005). The District Court sentenced Youmans to a 92–month prison term, the bottom end of the Guidelines range.

Youmans challenges his sentence on two scores. First, he argues that because he presented a factually and legally sufficient request for a below– or non-Guidelines sentence, it was procedurally unreasonable for the District Court not to detail its reasoning for rejecting that request.

This circuit has never imposed such a requirement on district courts. "[W]e entertain a strong presumption that the

sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006). This presumption prevents district court judges from having to engage in " 'robotic incantations' ... to prove the of consideration." *Id.* at 30 (quoting *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir.2005)). "[A] sentencing judge's decision not to discuss explicitly the sentencing factors [under 18 U.S.C. § 3553(a) ] or not to review them in the exact language of the statute does not, without more, overcome the presumption that she took them all properly into account." *United States v. Pereira*, 465 F.3d 515, 523 (2d Cir.2006).

■ The Supreme Court recently observed in *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), that "[w]here the defendant ... presents nonfrivolous reasons for imposing a different sentence"—that is, a non-Guidelines sentence or a sentence that departs from the Guidelines range—"the judge will normally ... explain why he has rejected those arguments. Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.* at 2468. We find that, in the circumstances of this case, the District Court's explanation for imposing a 92–month sentence was adequate. "Where a matter is as conceptually simple as in the case at hand and the record makes clear"—as it does here—"that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Id.* at 2469. Moreover, our review of the sentencing proceedings confirms that the District Court fulfilled its obligation under 18 U.S.C. § 3553(c); the court considered Youmans's particular characteristics-his need for both deterrence and rehabilitation-and provided a sufficient explanation of its sentencing rationale

Second, Youmans argues that the District Court's sentence was substantively unreasonable because the Guidelines range was treated as the presumptive sentence. This argument likewise fails.

Title 18 U.S.C. § 3553(a)(4) requires a district court to consider the applicable Guidelines range when fashioning a sentence. Moreover, the Guidelines are more than simply "another factor" for the District Court to consider. *United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir.2006) (internal citation and quotation marks omitted). Although we have not presumed that a sentence within that range is reasonable, in the "overwhelming majority of cases a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27. Here, the District Court decided on a sentence of 92 months' imprisonment, the very bottom of the applicable Guidelines range. Given the facts and circumstances of this case, we cannot conclude that this sentence was unreasonable.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**