**UNITED STATES, Appellee,**

v.

**Carlos Ramon CRUZ, Defendant–Appellant.**

No. 06–2401–cr.

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

Maria Elena Perez, Coral Gables, FL, for Petitioner.

Brenda K. Sannes, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney, and Edward P. Grogan, Assistant United States Attorney, of counsel), Syracuse, N.Y.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant, Carlos Ramon Cruz, pleaded guilty in the United States District Court for the Northern District of New York to aggravated illegal entry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He appeals from his sentence principally to an 82–month term of imprisonment. We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented by this petition.

Cruz argues that his sentence was unreasonable because the district court (1) failed to grant a downward departure from the sentencing Guidelines based on prosecutorial delay, (2) failed to grant a downward departure from the sentencing Guidelines to account for the sentencing disparity created by the failure of Congress to provide for a "fast-track" program in the Northern District of New York, and (3) double counted his criminal history by using his prior convictions to enhance his criminal history category and to raise his offense level.

Cruz's first argument is contrary to the law of this Circuit, under which we do not review a district court's denial of a departure from the Guidelines scheme unless the "sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005). In making this determination, we apply a "strong presumption" that a district judge understands the circumstances under which he may exercise his discretion to depart downward from the Guidelines. *United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996). In the instant case, there is no indication from the record that the district court misunderstood its authority to grant a Guidelines departure due to unreasonable prosecutorial delay. That the district court chose not to grant such a departure is, therefore, not reviewable.

Cruz's second argument is foreclosed by our decision in *United States v. Mejia*, 461 F.3d 158 (2d Cir.2006). There, "[w]e join[ed] other circuits in holding that a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Mejia*, 461 F.3d at 164.

Cruz's third argument fails under *United States v. Pereira*, 465 F.3d 515 (2d Cir.2006), which held "that a district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases." *Id.* at 522 (emphasis in original).

Accordingly, the judgment of the district court is hereby AFFIRMED.