**UNITED STATES of America,**
Appellee,

v.

**Juan Jose BOTERO–JARAMILLO, also known as Juancho, Luis Carlos Jarmillo–Franco, Gabriel Leopoldo Castro–Rivera, also known as Javier, Frank Morales, Angela Arango–Deruiz, Luz Stella Gomez and Adolfo Leon Viana, Defendants,**

**Fernando Ramirez–Zapata,**
Defendant–Appellant.

No. 06–0270–cr.

United States Court of Appeals,
Second Circuit.

March 10, 2008.

Kent B. Sprotbery, Albany, NY, for Appellant.

Paul D. Silver, Assistant United States Attorney (Richard S. Hartunian, Assistant United States Attorney on the brief), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Albany, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Fernando Ramirez–Zapata appeals from an order entered on December 28, 2005, in the United States District Court for the Northern District of New York (McAvoy, J.), declining to resentence Ramirez–Zapata after remand to the district court pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

Ramirez–Zapata was convicted after a jury trial of conspiracy to distribute and possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(a)(1); and conspiracy to commit bribery and bribery in violation of 18 U.S.C. §§ 371 and 201(b)(1)(A). At sentencing, the district court found the base offense level to be 38, pursuant to the Sentencing Guidelines' 100–to–1 powder to crack ratio for cocaine offenses. *See* U.S.S.G. § 2D1.1(c)(1) (2002). The level was adjusted upward to 40 because of Ramirez–Zapata's role in the offense. The district court granted the government's U.S.S.G. § 5K1.1 motion for a downward departure based on Ramirez–Zapata's substantial assistance in the prosecution of other individuals, resulting in an offense level of 38 and a sentencing range (at criminal history category I) of 235 to 293 months. The district court sentenced Ramirez–Zapata principally to the minimum Guidelines sentence of 235 months. Ramirez–Zapata appealed his conviction, although not his sentence, and this Court affirmed by summary order. *United States v. Botero–Jaramillo,* 118 Fed.Appx. 535 (2d Cir.2004). Prior to the issuance of this Court's mandate the Supreme Court decided *United States v. Booker,* 543 U.S. 220, 245–46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Accordingly, we remanded pursuant to *Crosby* for a determination of whether Ramirez–Zapata's sentence would be non-trivially different if the district court had recognized that the Guidelines were advisory. The district court answered this question in the negative and declined to resentence. We assume the parties' familiarity with the underlying

facts, the procedural history, and the issues presented for review.

*A.* Ramirez–Zapata argues that the district court's decision to deny resentencing was procedurally unreasonable because no specific findings were made as to the factors listed in 18 U.S.C. § 3553(a). We have "expressly rejected the notion that a sentencing judge must make a 'specific articulation' of the manner in which the § 3553(a) factors have been considered." *United States v. Rose,* 496 F.3d 209, 213 (2d Cir.2007) (quoting *Crosby,* 397 F.3d at 113). The district court expressly noted that it "considered the factors in 18 U.S.C. § 3553, the Sentencing Guidelines, [and] the policy statement found at U.S.S.G. § 5K2.19." The court was not required to "discuss each [§ 3553(a) factor] individually" or to "expressly parse or address every argument relating to those factors that the defendant advanced." *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006). "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [the] duty to consider the [§ 3553(a) ] factors." *Id.*

■ *B.* Ramirez–Zapata argues that the district court on remand inadequately considered his submissions regarding his post-sentencing circumstances, including his efforts at rehabilitation (while incarcerated) and his family circumstances. The court was not required to consider these submissions; the decision whether to resentence is based on circumstances prevailing at the time the original sentence was imposed. *Crosby,* 397 F.3d at 120. And in any event, the court recited that it "considered the parties' briefs upon resentencing." The district court's consideration of Ramirez–Zapata's post-sentencing circumstances was neither procedurally nor substantively unreasonable. *See United States v. Fleming,* 397 F.3d 95, 100 (2d

Cir.2005) ("[N]o specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing."); *see also Fernandez,* 443 F.3d at 27 (recognizing that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances").

*C.* Ramirez–Zapata claims that at the original sentencing, and again on remand, the district court failed to state its reasons for the length of the original sentence. To the extent that Ramirez–Zapata is asserting an error in the procedure followed at the original sentencing, the argument is barred by the law of the case doctrine because it could have been adjudicated on his direct appeal. *See United States v. Quintieri,* 306 F.3d 1217, 1229 (2d Cir. 2002). In any event, procedural errors in the selection of the original sentence are "harmless, and not prejudicial under plain error analysis, if the judge decides on remand, in full compliance with now applicable requirements, that ... the sentence would have been essentially same as originally imposed." *Crosby,* 397 F.3d at 118. On remand, having determined not to resentence Ramirez–Zapata, the district court satisfied the requirements of procedural reasonableness in its statement of the factors it considered. "[A] sentencing judge's decision not to discuss explicitly the sentencing factors or not to review them in the exact language of the statute does not, without more, overcome the presumption that [the judge] took them all properly into account." *United States v. Pereira,* 465 F.3d 515, 523 (2d Cir.2006).

■ *D.* Oral argument on this appeal took place three days after the Supreme Court decided *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *Gall v. United*

*States*, —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). At the argument, Ramirez–Zapata relied on those decisions to argue that his case should be remanded for resentencing because it cannot be discerned whether the district court appreciated the extent of its discretion to deviate from the crack cocaine sentencing range prior to *Kimbrough.* While issues not raised in appellate briefs are normally considered forfeited, we exercise our discretion to consider this argument. *See United States v. Regalado,* 518 F.3d 143, 149–50 (2d Cir.2008). Ramirez–Zapata did not contest the 100–to–1 powder to crack ratio either at his original sentencing or on the *Crosby* remand. We therefore review for plain error, and locate "a sufficiently real" "risk of such error" in this "post-*Booker*, pre-*Castillo*" case. *Regalado,* 518 F.3d at 147–48 (referring to *United States v. Castillo,* 460 F.3d 337 (2d Cir.2006)). Accordingly, we remand for the limited purpose of permitting the district court to determine "whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the [crack] Guidelines to serve [the objectives of sentencing under 18 U.S.C. § 3553(a) ]." *Id.* at 149.

We find no merit in Ramirez–Zapata's remaining arguments. This case is remanded to the district court for further proceedings in conformity with *Regalado.* Any appeal taken from the district court following this remand can be initiated only by filing a new notice of appeal, *see* Fed. R.App. P. 3, 4(b), and will be limited by the law of the case doctrine. *See Regalado,* 518 F.3d at 149–50 n. 4.

For the foregoing reasons, the case is hereby **REMANDED** for further proceedings consistent with this order.