**UNITED STATES of America,**
**Appellee,**

v.

**Juan VERA RAMOS, Defendant–**
**Appellant.**

**No. 07–3773–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 21, 2008.

Laurie S. Hershey, Manhasset, NY, for Appellant.

Susan Corkery, Daniel S. Silver, Assistant United States Attorneys (for Benton J. Campbell, United States Attorney for the Eastern District of New York), Brooklyn, NY, for Appellee.

Present: DENNIS JACOBS, Chief Judge, ROGER J. MINER and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Juan Vera Ramos appeals from a judgment of conviction and sentence entered on August 31, 2007, in the United States District Court for the Eastern District of New York (Cogan, *J.*) convicting him, after a guilty plea, of one count of illegally reentering the United States after being deported following his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The District Court sentenced Vera Ramos to a term of imprisonment of 41 months, a term of supervised release of three years, and a special assessment of $100. Vera Ramos is currently serving his sentence. On appeal, Vera Ramos challenges the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's sentencing decision for both substantive and procedural reasonableness. *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligations to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assess the length of the sentence imposed in light of the § 3553(a) factors. In both respects, our standard of review is abuse of discretion.

*United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir.2008) (internal quotation marks, citations, and alterations omitted).

To impose a procedurally reasonable sentence, a district court must (1) determine the applicable Guidelines ranges, (2) consider the Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence, *see United States v. Crosby,* 397 F.3d 103, 111–13 (2d Cir.2005); *see also United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006). We review a district court's interpretation of the Guidelines *de novo* and its findings of fact for clear error. *United States v. Rattoballi,* 452 F.3d 127, 131 (2d Cir.2006).

While sentencing judges ordinarily are required to put Guidelines calculations on the record, this Court has not imposed a similar requirement with respect to § 3553(a) factors. *Fernandez,* 443 F.3d at 29. Thus, "in the absence of record evidence suggesting otherwise," a sentencing court is "presumed" to have "faithfully discharged [its] duty to consider the statutory factors." *Id.* at 30.

■ Vera Ramos claims that his sentence is procedurally unreasonable because (1) the District Court did not adequately consider, under 18 U.S.C. § 3553(a)(6) (directing courts to consider at sentencing "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"), the sentencing disparity created by the lack of a fast-track program[1] in this jurisdiction; and (2) the District Court did not adequately consider Vera Ramos's background and family circumstances.

We have held that fast-track programs do not create unwarranted sentencing disparities within the meaning of 18 U.S.C. § 3553(a)(6). *See United States v. Mejia,* 461 F.3d 158, 164 (2d Cir.2006) (holding that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable."). Vera Ramos claims that the District Court should have exercised its discretion to depart downward notwithstanding the lack of a fast-track program in this jurisdiction, *see United States v. Liriano–Blanco,* 510 F.3d 168, 172 (2d Cir.2007) (remarking that *Mejia* "did not foreclose the possibility that a court has the legal authority to impose, in its discretion, a non-Guidelines sentence" to account for a possible sentencing disparity created by the lack of a fast-track program). Vera Ramos claims that the court's remark, "I mean that really doesn't move me," in response to Vera Ramos's disparity argument demonstrates a failure to adequately consider the sentencing disparity. We think that this remark indicates that the District court considered the contention and rejected it.

The record demonstrates that the District Court carefully considered Vera Ramos's personal circumstances, noting his "difficult upbringing" and "very substantial family responsibilities." The court reasoned that such circumstances were almost universal in illegal reentry cases and concluded that a low-end Guidelines sentence rather than a non-Guidelines sentence was justified. The District Court committed no procedural error in its consideration of the statutory factors and of Vera Ramos's arguments. *See Rita v. United States,* 551

---

1. *See* U.S.S.G. § 5K3.1 ("Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attor- ney General of the United States and the United States Attorney for the district in which the court resides.").

U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.")

 Vera Ramos claims his sentence is substantively unreasonable because (1) the court violated the parsimony clause, *see* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."); (2) court refused to impose a below-Guidelines sentence on the basis of his family circumstances; and (3) his prior conviction served to increase both his base offense level (a threefold increase) and his criminal history. Vera Ramos concedes that this Court's precedent "forecloses" the latter claim of error, *see United States v. Pereira*, 465 F.3d 515, 522 (2d Cir.2006), and merely raises the issue on appeal to preserve it for further possible appellate review. Vera Ramos's claim of error based on the parsimony clause fails in light of *Mejia*. Finally, as the District Court explained, Vera Ramos chose to start a family in the United States in spite of his illegal status, and the court sentenced Vera Ramos at the low end of the applicable Guidelines range. We see no reason to disturb the sentence imposed.

Vera Ramos's sentencing challenges were unpreserved in the District Court. We review an unpreserved challenge to the procedural reasonableness of a sentence for plain error, reversing only if there (1) is an error (2) that is plain, (3) which affected the substantial rights of the defendant, and (4) which seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See* Fed. R.Crim.P. 52(b); *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir.2007).

For the reasons stated above, we conclude that the District Court committed no procedural error, much less plain error, in sentencing Vera Ramos. Moreover, the sentence imposed by the District Court was substantively reasonable. We therefore AFFIRM the judgment of the District Court.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.