**UNITED STATES of America,
Appellee,**

v.

**Philip LEVENSON, Defendant–
Appellant.**

**No. 07–3791–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 20, 2008.

Jeremy Gutman, New York, NY, for Defendant–Appellant.

Andrew E. Goldsmith, Assistant United States Attorney (Peter A. Norling, Cynthia M. Monaco, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Philip Levenson appeals from a judgment of conviction and sentence entered on August 27, 2007 in the Untied States District Court for the Eastern District of New York (Amon, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Levenson worked as the "account manager" or "operations manager" at Evergreen International Spot Trading, Inc., ("Evergreen"), which held itself out as a currency trader. In 2001, authorities discovered that Evergreen and its executives had been engaged in massive financial fraud. Evergreen was making numerous false representations to induce investments, and (except for a handful of legitimate currency trades) was diverting the invested funds to pay salaries, bonuses, and rent. As the fraud unwound, someone connected with Evergreen misappropriated nearly $35 million that had been sent to Evergreen's purported "trading partners" in Austria and Hungary. All told, according to the government, Evergreen's customers lost around $100 million.

At trial, the evidence showed that Levenson engaged in fraud by drafting misleading letters to clients, helping alter reference letters, and making false representations to a potential landlord. Levenson was convicted, along with other co-defendants, of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 371, mail fraud in violation on 18 U.S.C. § 1341, and money laundering conspiracy in violation of 18 U.S.C. § 1956(h).

At Levenson's initial sentencing, the district court determined Levenson's offense level to be 28, a figure driven largely by a 17–level enhancement for a loss amount of between $40 and $80 million. *See* U.S.S.G.

§ 2F1.1(b)(1)(R) (2000).* His Guidelines range was thus 78–979 months. He was sentenced principally to a term of 78 months' imprisonment, and ordered to pay restitution in the sum of $25 million.

On appeal, this Court affirmed Levenson's convictions for mail fraud and conspiracy to commit mail fraud and wire fraud, but reversed his conviction for money laundering conspiracy. We ruled that there was insufficient evidence that Levenson, as a mid-level manager, was aware that money being sent overseas was sent for a purpose other than legitimate currency trading. *United States v. Evergreen Int'l,* 206 Fed.Appx. 71, 76 (2d Cir.2006). We also vacated Levenson's sentence and remanded. *Id.* at 80.

Levenson's initial appeal also challenged the 17–level enhancement on the ground that the district court did not make a particularized finding of the scope of his criminal activity, as required by *United States v. Studley,* 47 F.3d 569, 574 (2d Cir.1995). Our mandate on that appeal instructed the district to make particularized findings with respect to: (i) "whether Levenson was aware that the investment he helped sell to Evergreen's customers was less secure than represented", and (ii) "whether Levenson intended to sell an investment so risky that total loss was foreseeable." *Evergreen Int'l,* 206 Fed.Appx. at 79. We wrote, "given the narrow, misrepresentation-based conspiracy that was charged to the jury, application of this [17–level] enhancement on remand will depend on particularized findings as to [these two questions]." *Id.*

On remand, the district court answered both of the questions we posed in the affirmative. The court determined that Levenson was aware that investment in Evergreen was less secure than represented, citing (*inter alia*) Levenson's knowledge that the members of Evergreen's sales force were overstating their relative expertise, and that there were no stop-loss orders in place despite representations to that effect. As to the second question, the court determined that Levenson intended to sell an investment so risky that total loss was foreseeable, citing Evergreen's inexperienced trading staff, its failure to deal with established counter-parties, its transfers of money overseas, and its history as an unprofitable business, all of which was known to Levenson.

The district court thus re-applied the 17–level enhancement, and determined that Levenson's Guidelines range remained 78–97 months. The court imposed a non-Guidelines sentence of 50 months, concluding that a loss amount of $40 million "overstate[d]" the seriousness of Levenson's role in the offense since Levenson never received any benefit from the fraud apart from his own salary. The court also reimposed the $25 million restitution order.

On this appeal, Levenson challenges the re-application of the 17–level enhancement. He argues that the acts and omissions that caused the loss amount were not foreseeable to him because he was unaware that anyone would misappropriate the $35 million sent overseas.

"We review both Guidelines and non-Guidelines sentences for reasonableness." *United States v. Pereira,* 465 F.3d 515, 519 (2d Cir.2006). "An error in determining the applicable Guideline range ... would be the type of procedural error that could render a sentence unreasonable." *United States v. Selioutsky,* 409 F.3d 114, 118 (2d Cir.2005). We review the district court's interpretation of the Sentencing Guidelines *de novo* and the district court's findings of

---

* This section of the Guidelines has since been incorporated into U.S.S.G. § 2B1.1.

fact for clear error. *United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir.2005).

On this record, Levenson's arguments fail because the district court's particularized findings adequately support its Guidelines calculations. The district court determined that the scope of Levenson's criminal conduct included numerous misrepresentations to customers, and these misrepresentations caused a loss of at least $40 million. These findings are not clearly erroneous. Whether Levenson could foresee the manner in which the $35 million would be snatched overseas as the fraud unwound is not decisive: the district court reasonably found that the risk of a "total loss" was foreseeable generally, and the overall loss was of at least $40 million. Accordingly, Levenson's sentence is not procedurally unreasonable.

Finding no merit in Levenson's remaining arguments, we hereby **AFFIRM** the judgment and conviction entered in the district court.