18-137-cr
*United States v. Castillo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                    18-137-cr

GERALDO CASTILLO, AKA LACOTO COSTELLO,
AKA CASTELLO LACOTO, AKA GERARDO
CASTILLO-VILLEGAS, AKA GERARDO CASTILLO,
AKA GERALDO CASTILLA, AKA LAZARO
CASTILLO,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                      ALINE R. FLODR, Assistant United States
                                   Attorney (Anna M. Skotko, Assistant United
                                   States Attorney, *on the brief*), *for* Geoffrey S.
                                   Berman, United States Attorney for the

Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:     PAUL J. ANGIOLETTI, Law Office of Paul J. Angioletti, Staten Island, New York.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Geraldo Castillo appeals from a judgment entered January 5, 2018, convicting him, following a guilty plea, of illegally reentering the United States after a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Castillo had been deported on three prior occasions: in 2007 following a federal firearm possession conviction and a state court bail jumping conviction, in 2008 following an attempted illegal reentry, and in 2013 following convictions for the criminal sale of marijuana and illegal reentry.[1] With a criminal history category of IV, Castillo's sentencing range under the United States Sentencing Guidelines (the "Guidelines") for the present illegal reentry charge was 37 to 46 months, based, in part, on an 8-level increase, pursuant to U.S.S.G. § 2L1.2(b)(2)(B), because Castillo's 2006 bail jumping conviction constituted a felony offense for which the

---

[1]     While the Presentence Investigation Report is unclear as to which convictions underlie each of Castillo's three removals, this uncertainty has no bearing on our analysis.

sentence imposed exceeded two years. Concluding that Castillo's continuing recidivism reflected a lack of respect for the law and a need for specific deterrence, the district court sentenced Castillo to 46 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Castillo challenges only the substantive reasonableness of his sentence, which we review under a "particularly deferential" abuse-of-discretion standard. *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (citation omitted). Castillo did not object to his sentence or the recommended Guidelines range below, but we have not yet decided whether plain error review applies to unpreserved claims of substantive error. *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not resolve that issue here because, regardless of the standard of review, Castillo's challenge fails on the merits.

"We will identify as substantively unreasonable only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Singh*, 877 F.3d at 115 (citation and internal quotation marks omitted). Castillo's sentence of 46 months' imprisonment was not substantively unreasonable. First, Castillo was sentenced within (albeit at the top of) the Guidelines range, and he did not challenge the reasonableness of the Guidelines range below. Second, Castillo was in Criminal History Category IV, he had five prior convictions, including for firearms possession

and selling drugs, and he had already been deported three times before. Third, Castillo was previously sentenced to 36 months' imprisonment for his most recent conviction for illegal reentry in 2010, so it was entirely reasonable for Judge Castel to conclude that a greater sentence was necessary to deter Castillo from attempting to illegally reenter the country a fourth time. In these circumstances, a sentence of 46 months fell well within the range of permissible sentences.

Castillo makes a number of specific arguments, none of which are persuasive. First, Castillo argues that his 2006 bail jumping conviction unreasonably increased his offense level by eight points, as the conduct underlying the conviction occurred sixteen years prior to the instant offense. Castillo principally relies on *United States v. Amezcua-Vasquez*, an out-of-circuit case which held that use of a 25-year-old conviction to trigger a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b) rendered the defendant's within-Guidelines sentence substantively unreasonable when the conviction was "stale" and his subsequent history showed no convictions for harming others. 567 F.3d 1050, 1055-56 (9th Cir. 2009). Unlike the conviction in *Amezcua-Vasquez*, however, Castillo's predicate conviction was recent enough to be included in the calculation of his criminal history points and thus is not stale, even if the conduct underlying that predicate conviction took place more than fifteen years prior to the instant offense. *See* U.S.S.G. § 4A1.1 cmt. n.1 (excluding convictions imposed fifteen years prior to a defendant's commencement of the instant offense from a defendant's

criminal history calculation); *see also Amezcua-Vasquez*, 567 F.3d at 1054-55. Moreover, Castillo was convicted of subsequent crimes, including possession of a gun.

Second, Castillo contends that his bail jumping conviction should not increase both his offense level and his criminal history category level because of the lack of a "factual nexus" between the 2006 conviction and the instant reentry offense. This Court has held, however, "that a district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases," regardless of the remoteness between the enhancement triggering conviction and the present illegal reentry. *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006) (using a 1998 robbery conviction to enhance defendant's criminal history category and base offense level in connection with defendant's 2005 sentencing for illegal reentry); *see also* U.S.S.G. § 2L1.2 cmt. n.3 (permitting a conviction to increase both a defendant's criminal history level and offense level).

Finally, Castillo asserts that his sentence was substantively unreasonable in light of various mitigating factors including: the minor nature of his criminal record, his impoverished childhood, his good work ethic, and the difficulties he faced upon returning to Mexico after the previous deportations. The record, however, demonstrates that the district court considered all the 18 U.S.C. § 3553(a) factors, acknowledged Castillo's difficult upbringing and other concerns, but ultimately

concluded that his criminal history warranted a sentence greater than the bottom-of-the-Guidelines 37 months' imprisonment recommended by the probation department and advocated by his counsel. Therefore, under these circumstances, Castillo has failed to meet his "heavy burden" of demonstrating that his sentence is substantively unreasonable. *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

*       *       *

We have considered Castillo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk