08-2380-cr
United States of America v. Rojas

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January, two thousand ten.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
              ROBERT D. SACK,
              PETER W. HALL
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
United States of America,
          <u>Appellee</u>,

          -v.-                                          08-2380-cr

JUNIOR ROJAS, also known as Ron John, also known as Ron Joe, also known as Pelon
          <u>Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:     BETH M. FARBER, Esq., New York, NY.

APPEARING FOR APPELLEES:     SARAH Y. LAI, Katherine Polk Failla, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Junior Rojas pled guilty to one count of conspiring to deal drugs (cocaine) and one count of money laundering. 21 U.S.C. § 846; 18 U.S.C. § 1956(h). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The guideline range for Rojas's sentence was 168 to 210 months; Rojas asserts no procedural error. He argues only that his sentence of 108 months' incarceration (plus five years of supervised release) is substantively unreasonable.

Substantive reasonableness is reviewed under "a deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc).

The claim of substantive error is that the court failed to consider whether the powder cocaine sentence guidelines are improperly high and make a ruling on that point. As Rojas did not argue this below, he concedes that this review is conducted under a plain error standard.

Even if his claim were properly preserved, there is no basis in law for requiring district courts to explicitly consider whether to reject the applicable guideline range as a policy matter before sentencing a defendant. The Supreme Court has *allowed* district courts to sentence below a guideline range due to a policy disagreement; but it has never *required* them to first affirmatively state whether or not they disagree with sentencing guidelines as a policy matter. See Kimbrough v. United States, 552 U.S. 85, 108 (2007). Further, simply because a district court does not mention a relevant consideration does not mean it failed to give it consideration. See United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006).

Finding no merit in the defendant's arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____