24-2960-cr
*United States v. Garcia-Gonzalez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

       *Appellee*,

    v.                                                                                        24-2960-cr

JOSE LUIS GARCIA-GONZALEZ,

       *Defendant-Appellant*.

_____

| | |
|---|---|
| FOR APPELLEE: | Margaret N. Vasu and Jacob R. Fiddelman, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | Yuanchung Lee, Federal Defenders of New York, Inc., New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on October 25, 2024, is **AFFIRMED**.

Defendant-Appellant Jose Luis Garcia-Gonzalez appeals from the district court's judgment of conviction following his guilty plea to a one-count indictment charging him with illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). The district court sentenced Garcia-Gonzalez principally to 21 months' imprisonment, to be served consecutively to a three-year state sentence imposed in 2024 for attempted criminal sexual act by forcible compulsion in the first degree, in violation of New York Penal Law § 130.50. Garcia-Gonzalez's sole challenge on appeal is to the substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a challenge to the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (citation omitted). Under that standard, "we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks and citation omitted). We do not "substitute our own judgment for the district court's on the question of what is sufficient to meet the [18 U.S.C.] § 3553(a) considerations in any particular case . . . [but] will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks and citation

2

omitted). Moreover, although there is no presumption that a sentence within the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

Here, we discern no abuse of discretion in the district court's imposition of the 21-month sentence, which was at the high end of the advisory Guidelines range of 15 to 21 months' imprisonment. The district court carefully explained its reasoning for the 21-month sentence under the sentencing factors set forth in 18 U.S.C. § 3553(a). For example, the district court emphasized that, based upon his approximately 20 illegal reentries into the United States, including two prior federal convictions for that offense, Garcia-Gonzalez had "violat[ed] the immigration laws a jaw-dropping number of times" and that "just the quantity of immigration violations here makes this among the more serious versions of this offense that one sees." App'x at 67–68. Moreover, the district court noted his "terrible record," which includes other prior convictions for assault and attempted criminal sexual act in the first degree by forcible compulsion. *Id*. at 68–69.

In addition to its reliance on the nature and circumstances of the offense, as well as his criminal record, the district court explained that "deterrence [was] a big factor" in the sentence because the district court was "very, very concerned that we're just going to have the same situation again, that Mr. Garcia[-]Gonzalez, whenever he gets out, is going to try to come back." *Id*. at 71. Indeed, the district court highlighted that it had "rarely . . . seen a defendant as to whom [it] was this sure was going to commit the same crime again." *Id*. at 69. The district court further noted that it had considered the need to avoid unwarranted sentencing disparities among similarly situated defendants, as well as the other § 3553(a) factors that it had not specifically discussed.

3

Based upon the district court's reasoned analysis, we conclude that the § 3553(a) factors, upon which it relied to arrive at the 21-month sentence, "can bear the weight assigned [them] under the totality of [the] circumstances," *Cavera*, 550 F.3d at 191, and that the sentence was not "shockingly high . . . or otherwise unsupportable as a matter of law," *Muzio*, 966 F.3d at 64.

In reaching our determination, we have considered Garcia-Gonzalez's arguments to the contrary and find them unpersuasive. First, Garcia-Gonzalez argues that his sentence was substantively unreasonable because U.S.S.G. § 2L1.2 impermissibly "double-counted" his 2023 state conviction by enhancing both his offense level and his criminal history score. As a threshold matter, Garcia-Gonzalez never raised this issue below and, thus, the district court did not abuse its discretion by failing to explicitly address this issue. *See Fernandez*, 443 F.3d at 30; *see also United States v. Rojas*, 361 F. App'x 233, 234 (2d Cir. 2010) (summary order) ("The Supreme Court has *allowed* district courts to sentence below a guideline range due to a policy disagreement; but it has never *required* them to first affirmatively state whether or not they disagree with sentencing guidelines as a policy matter. Further, simply because a district court does not mention a relevant consideration does not mean it failed to give it consideration." (citations omitted) (emphases in original)). Furthermore, "[i]t is well-established in this Circuit that a district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases," and Garcia-Gonzalez has failed to establish that doing so here resulted in a substantively unreasonable sentence. *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006) (emphases in original).

Second, Garcia-Gonzalez asserts that the 21-month sentence is "an unduly harsh penalty" in light of his mitigating factors, including, among others, his difficult upbringing, his family circumstances, and his reasons for returning to United States—namely, a desire to be with his

4

family and avoid the risk of violence he faced in Mexico. Appellant's Br. at 11. The district court explicitly acknowledged its consideration of these mitigating factors. *See, e.g.*, App'x at 68 ("I don't doubt that he keeps coming back to take care of his family, and this is a heartbreaking case."); *id*. at 69 ("I am sure he is dedicated to his children, I'm sure he is hard-working, I'm sure he feels terrible that they are suffering because of him, and all that is to his credit."); *id*. at 70 ("And I understand there's some fear of going back to the town [in Mexico] where there's some kind of family dispute going on, a dispute between two families."). However, the district court reasonably determined, in imposing the 21-month sentence, that the mitigating factors were outweighed by the other § 3553(a) factors discussed above. Where, as here, "the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *Fernandez*, 443 F.3d at 34.

In sum, we conclude that the sentence was substantively reasonable.

\*         \*         \*

We have considered Garcia Gonzalez's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5